IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO CLEARING SERVICES, LLC, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-1214-S-BN |
| | § | |
| AKILI M. JOHNSON, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING SUBJECT MATTER JURISDICTION AND REQUIRING BRIEFING AS TO PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner Wells Fargo Clearing Services, LLC filed this action to request that the Court confirm an arbitration award (of more than $773,000) against Respondent Akili M. Johnson and enter judgment on that award. *See* Dkt. No. 1.

After Wells Fargo moved for entry of default and default judgment, *see* Dkt. No. 7, and Johnson responded, *see* Dkt. No. 8, the Court referred this lawsuit to the undersigned United States magistrate judge for pretrial management, *see* Dkt. No. 9; 28 U.S.C. § 636(b).

And, after Wells Fargo failed to file a reply in support of its request for default, the Court denied the motion to enter default, mooting the default judgment component of Wells Fargo's fling, and ordered Johnson to respond to Wells Fargo's petition. *See* Dkt. No. 10.

Johnson answered on August 19, 2026 and therein moved to dismiss this lawsuit for lack of subject matter jurisdiction and to temporarily stay this proceeding

for 30 days, to allow him to retain counsel. *See* Dkt. No. 13.

Wells Fargo then filed a brief in support of its petition and a response in opposition to Johnson's motion to dismiss. *See* Dkt. No. 14.

"As always, jurisdiction first." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 95 F.4th 951, 958 (5th Cir. 2024) (citation omitted).

"[T]he FAA authorizes parties to arbitration agreements to file specified actions in federal court – most prominently, petitions to compel arbitration (under Section 4) and applications to confirm, vacate, or modify arbitral awards (under Sections 9 through 11)" – but "those provisions … do not themselves support federal jurisdiction." *Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008); *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)).

Which makes sense. Because, "[w]ere it otherwise, every arbitration in the country, however distant from federal concerns, could wind up in federal district court." *Id.*

So, "for jurisdiction over controversies touching arbitration," the FAA "requir[es] an independent jurisdictional basis." *Hall St.*, 552 U.S. at 581-82.

And Wells Fargo provides one in its petition: 28 U.S.C. § 1332(a), *see* Dkt. No. 1, ¶¶ 1-3, under which "diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000," *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017).

But Johnson argues that this showing is deficient because Wells Fargo has not properly alleged its citizenship. *See* Dkt. No. 13 at 3-4.

The undersigned cannot agree with Johnson.

"[T]he citizenship of a limited liability company is determined by the citizenship of each of its members, *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990), so, "[a]t the pleading stage, the party invoking [a federal] court's jurisdiction must [distinctly and affirmatively] allege the citizenship of each LLC's members," *Storey Mountain, L.L.C. v. JPMorgan Chase Bank, N.A.*, 159 F.4th 294, 296 (5th Cir. 2025) (published order) (citations omitted).

To do so requires identifying each member and sub-member and, as to each of these, identifying that member's or sub-member's identity and citizenship. *See, e.g.*, *Phillips N. Am. LLC v. U.S. Auto. Ass'n*, No. 3:25-cv-1210-BN, 2025 WL 1828523, at *2 (N.D. Tex. July 2, 2025).

Wells Fargo has done just that where it alleges that its only member "is Wachovia Securities Financial Holdings LLC" and "[t]he only member of Wachovia Securities Financial Holdings, LLC is EVEREN Capital Corporation, which is a Delaware Corporation with its principal place of business in North Carolina." Dkt. No. 1, ¶ 1.

So, as plausibly alleged, Wells Fargo is a citizen of Delaware and North Carolina and is completely diverse from Johnson, a citizen of Texas.

As to the amount-in-controversy requirement, "on a petition to confirm an arbitration award, 'the amount in controversy is the amount sought in the underlying

arbitration rather than the amount awarded.'" *BMW Bank of N. Am. v. Thomas*, No. 3:24-cv-1147-S-BN, 2024 WL 4530035, at *2 (N.D. Tex. Sept. 18, 2024) (quoting *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182 (5th Cir. 2016)), *rec. accepted*, 2024 WL 4530133 (N.D. Tex. Oct. 17, 2024).

That amount exceeds the jurisdictional minimum here where Wells Fargo sought more than $771,000 in the underlying arbitration, the remaining balance due and owing under the parties' promissory note. *See, e.g.*, Dkt. No. 14-5, ¶¶ 5-17.

As for Wells Fargo's brief in support of its petition, "[a] motion to confirm an arbitration award is a summary proceeding." *Winn v. Cucci*, Civ. A. No. 16-00043-BAJ-RLB, 2018 WL 2933394, at *2 (M.D. La. June 12, 2018) (citing *Im v. Chun*, Civ. A. No. H-08-691, 2008 WL 4238784, at *1 (S.D. Tex. Sept. 11, 2008) (in turn citing *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997))).

The Court therefore ORDERS Johnson to file a response to the petition to confirm and brief in support by **October 15, 2026**.

And, if a response is filed, Wells Fargo may file a reply brief by **October 30, 2026**.

SO ORDERED.

DATED: September 15, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE